UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-336-JBC**

**PROMOTIONAL CONTAINERS, INC.,**                                                              **PLAINTIFF,**

**V.**                            **MEMORANDUM OPINION & ORDER**

**AZTEC CONCRETE ACCESSORIES, INC.,**                                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Aztec Concrete Accessories, Inc. ("Aztec"), for partial summary judgment on the issue of literal infringement of the patent-in-suit. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.      Factual Background**

The facts are presented in the light most favorable to Promotional Containers Inc., the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). This is an action for infringement of U.S. Patent Number 4,942,714 (the '714 patent). The patented device is a bolster, which is used in the production of reinforced concrete. This bolster has

> first and second cross members at opposite ends of said bolster as
> well as means for positively connecting bolsters together in series,
> said connecting means including a resilient connecting clip mounted to
> said first cross member at one end of said bolster, said clip being
> sufficiently resilient to snap over and engage a second cross member
> of an adjacent bolster.

U.S. Patent No. 4,942,714 (issued July 24, 1990). Aztec argues that its bolster does not literally infringe because its bolsters do not have any structures that

engage a cross member and because its connecting structures do not snap over and engage with each other.

## II.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "With the benefit of having all evidence and justifiable inferences drawn from such evidence in its favor, the nonmoving party 'must set forth specific facts showing that there is a genuine issue,' such that a jury could reasonably find for the nonmoving party." *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 792 (6th Cir. 2004) (internal citations omitted).

## III.  Analysis

A successful action for patent infringement requires the satisfaction of two steps. First, the court must construe the claims to determine the scope and meaning of the disputed claims. Second, the construed claims must be compared with the allegedly infringing product. *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997). The former inquiry is a question of law and, in its

*Markman* order (DE 26), the court has already determined the scope and meaning of the disputed claims. *Id.* The latter inquiry is a question of fact and, therefore, the court will grant summary judgment only where there is no set of facts which would enable a reasonable jury to find for the nonmoving party. *Id.*

In order to infringe on the '714 patent, a connecting clip mounted to a cross member of one bolster must snap over and engage a cross member of an adjacent bolster. A cross member is the shorter portion that extends perpendicularly from, and traverses the spine of, the bolster; nothing requires that cross members be of uniform size or shape. Connecting clips include any device that "grips, clasps, or hooks two objects together," and include male/female connectors. They will snap over and engage if they are able to move sufficiently to hold the bolsters together.

Aztec's connection system consists of male/female connectors with parallel latching plates. Promotional Containers argues that the female connector is a cross member, that the male connector is connected to a cross member, and that the entire system qualifies as a connecting clip. Promotional Containers also argues that the connecting clips are sufficiently resilient to snap over and engage with each other. Therefore, Aztec's bolster has a connecting clip mounted to a cross member – the male clip – that snaps over and engages a cross member of an adjacent bolster – the female clip. Aztec disagrees with this characterization, arguing that its connectors are merely parallel extensions that do not traverse the spine. Nor does Aztec agree that its connectors are sufficiently resilient to snap over and engage

with each other. The parties' disagreement is one of fact and, therefore, summary judgment is inappropriate. Accordingly,

**IT IS ORDERED** that the defendant's motion for partial summary judgment (DE 31) is **DENIED**.

Signed on October 4, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY