**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-336-JBC**

**PROMOTIONAL CONTAINERS, INC.,**                                                              **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**AZTEC CONCRETE ACCESSORIES, INC.,**                                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for leave to depose a German company through its corporate representative, a German citizen, in Germany. The court, having reviewed the record and being duly advised, will grant the defendant's motion and allow the deposition to proceed on notice.

Promotional Containers has alleged that Aztec Concrete Accessories ("Aztec") is infringing on its patent. To advance its defense, Aztec seeks to depose Seifert GmbH & Co. ("Seifert"). Although the witness is willing to be deposed, Promotional Containers objects to Aztec's taking this deposition on notice, arguing that Aztec is required to use the procedures in the Hague Convention for taking evidence abroad, 28 U.S.C. § 1781 *et. seq.*, 23 U.S.T. 2555. Aztec has already served Letters Rogatory on the German authorities. However, Aztec would prefer to take the deposition on notice, arguing that this would be quicker than going through the German court system and would permit the direct questioning of the witness and a verbatim transcript of the deposition.

The Federal Rules of Civil Procedure allow a party to depose a witness in a

foreign country pursuant to an applicable treaty, such as the Hague Convention, or on notice before a person authorized to administer oaths in the place where the examination is to be held. Fed. R. Civ. P. 28(b). The Hague Convention establishes a system for obtaining evidence in those countries that do not have our liberal discovery rules. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 529-532 (1987). *See also In re Anschuetz & Co.*, 838 F.2d 1362, 1364 (5th Cir. 1988). Although the Hague Convention provides one method by which a party may obtain discovery, it does not provide the exclusive method. *Aerospatiale,* 482 U.S. at 533-36; *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 300 (3d Cir. 2004). Rather, the Hague Convention was intended as a "permissive supplement, not a preemptive replacement, for other means of obtaining evidence located abroad." *Aerospatiale*, 482 U.S. 536.

When a party seeks to discover evidence outside of the borders of the United States, American courts must take special care to protect foreign parties and witnesses from discovery abuse and to preserve the foreign state's judicial sovereignty. *See Aerospatiale*, 482 U.S. at 545. Before determining whether a party will be allowed to take discovery on notice or pursuant to the Hague Convention, the court must weigh the facts of each particular case, balancing the litigant's need for discovery against the interests of the sovereign foreign state. *Id.*; *Anschuetz*, 838 F.2d at 1364. In this case, on one side of the scale, Aztec believes that Seifert has information critical to its defense and, therefore, has a strong need for

discovery. Additionally, Promotional Containers has represented that it would like a speedy resolution of this case. Allowing Aztec to proceed with a deposition on notice would facilitate a speedier resolution of this matter because there would be no need to involve the German government in the process. On the other side of the scale, there is a witness, not under compulsion from the United States government, who has volunteered to give a deposition in connection with this litigation.

Promotional Containers cites *Hudson v. Hermann Pfauter GmbH & Co.*, 117 F.R.D. (N.D.N.Y. 1987) in which the district court required the use of the Hague Convention procedures to discover evidence located abroad. *Hudson* is factually distinguishable from the instant case as the foreign witness in *Hudson* was actively seeking to avoid discovery. Here, it is Promotional Containers, not the witness, that objects to discovery. Promotional Containers also cites *Triple Crown Am. v. Biosynth AG*, 1998 WL 227886 at n.5 (E.D. Pa. 1998), arguing that non-party discovery must be consistent with the Hague Convention. However, the United States Supreme Court has already held that the Hague Convention is not the exclusive method for taking discovery abroad. Therefore, this court declines to follow *Triple Crown* to the extent that it is inconsistent with *Aerospatiale*.

Promotional Containers seems to read *Aerospatiale* as permitting "the district courts to violate the laws and sovereignty of foreign nations" under certain circumstances. The court does not so read *Aerospatiale,* which recognizes that the Hague Convention provides a method for obtaining evidence from unwilling witnesses located outside of the jurisdiction of the American courts. *See* 482 U.S.

3

at 528, 540-41. It is a device to assist a party in obtaining crucial evidence that it otherwise might not be able to access. *Id.* There is no indication that German law prohibits a witness from voluntarily submitting to a deposition in connection with litigation in the United States. *See In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d at 304.

That a German company voluntarily submits to a deposition in Germany does not mean that it subjects itself, its employees, or its agents to the jurisdiction of this court. Nor does that company waive any rights or privileges that it might enjoy as a German citizen. As there is no reason to believe that the judicial sovereignty of Germany would be offended where a willing non-party witness agrees to be deposed in connection with litigation in the United States, the court will allow Aztec to depose Seifert on notice.[1] Accordingly,

**IT IS ORDERED** that the defendant's motion to allow the deposition of Seifert GmbH & Co. to proceed on notice (DE 53) is **GRANTED**. This order shall not be interpreted as requiring Seifert, its employees, or its agents to submit to the deposition or to the jurisdiction of this court.

---

[1] Promotional Containers also argues that Aztec should not be allowed to take a deposition on notice and to discover evidence using Letters Rogatory. The court assumes that the parties have acted, and will continue to act, according to the applicable ethical rules, and that they will not use process to annoy or harass each other or the witnesses in this case. Similarly, the court expects that the parties will not needlessly delay or increase the costs of this litigation, but will make reasonable efforts to ensure that all pre-trial discovery is conducted in an efficient and appropriate manner.

Signed on April 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY